IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **LAVERNE SIMMONS,** | § | |
| | § | |
| **v.** | § | **A-05-CA-432 LY** |
| | § | |
| **TEXAS WATER DEVELOPMENT** | § | |
| **BOARD, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Motion to Dismiss Claims under 42 U.S.C. Section 1983 filed January 5, 2006 (Clerk's Doc. No. 22); Plaintiff's Objections to Defendants' Motion to Dismiss Claims under 42 U.S.C. Section 1983 filed January 17, 2006 (Clerk's Doc. No. 24); and Defendants' Reply in Further Support of Motion to Dismiss filed January 30, 2006 (Clerks' Doc. No. 26). The District Court referred all pending motions to the undersigned Magistrate Judge for report and recommendation as to the merits pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I. BACKGROUND

When considering a motion to dismiss pursuant to Rule 12 a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *McClinton v. Delta Pride Catfish, Inc.*, 982 F.Supp. 417,

418 (N.D. Miss. 1997).  Accordingly, the following factual summary is based on the allegations contained in Plaintiff's Second Amended Complaint.  Plaintiff Laverne Simmons ("Simmons") works for Defendant Texas Water Development Board ("TWDB").[1]  *See* Plaintiff's Second Amended Complaint, ¶¶11-12.  Simmons alleges she was subjected to sexual harassment by Bruce Hobbs, a co-worker of Simmons, in 1997.  *Id.* at ¶13.  Simmons filed a charge of discrimination with the Texas Commission on Humans Rights alleging race discrimination and sexual harassment, however, Simmons and TWDB settled the charge in November of 1997.  *Id.* at ¶¶13-14.  Simmons states that she was subjected to retaliation and further harassment by Bruce Hobbs and others that caused Simmons emotional distress and mental anguish.  *Id.* at ¶15.  As a result of the continued harassment, Simmons filed another charge on October 15, 2001, with the Texas Commission on Human Rights alleging discrimination based on race and sex and retaliation.  *Id.* at ¶21.  Simmons and TWDB reached a settlement on April 19, 2002.  *Id.* at ¶22.  Simmons claims that the discrimination and retaliation continued after the settlement, and she reported this additional discrimination on February 2, 2004.  *Id.* at ¶23.

Simmons alleges that TWDB refused to provide her with a performance plan and job appraisal after 2000, which made her ineligible for merit raises, failed to reclassify her based on her actual responsibilities and qualifications, and refused to provide Simmons with merit raises consistent with her responsibilities and qualifications.  *Id.* at 24-26.  Additionally, Simmons alleges that TWDB did not abide by their settlement agreements with her.  *Id.* at 31-32.

---

[1] Kevin Ward was also sued as an agent and representative of the Texas Water Development Board.  The Court intends TWDB to refer to both defendants.  Where the Court is individually referring to a defendant, it will be clearly indicated.

On June 13, 2005, Plaintiffs filed this lawsuit in federal court on the basis of federal question jurisdiction, alleging discrimination based on race and sex in violation of Title VII, retaliation in violation of Title VII, and state law discrimination claims. *See* Plaintiff's Original Complaint. On September 26, 2005, the District Court granted TWDB's motion to dismiss the pendent state claims. *See* Order dated September 26, 2005. Simmons filed her Second Amended Complaint on December 22, 2005, alleging discrimination based on race, sex, and race plus sex, along with retaliation in violation of Title VII, 42 U.S.C. § 1981, as enforced through 42 U.S.C. § 1983, the Fourteenth Amendment, and 42 U.S.C. § 1981(a). *See* Plaintiff's Second Amended Complaint, at ¶¶38-41. Simmons also seeks declaratory judgment that TWDB's acts violated Title VII, 42 U.S.C. § 1981, and as enforced through § 1983, 42 U.S.C. § 1983, the Fourteenth Amendment, and 42 U.S.C. § 1981(a). *Id.* at ¶42. She also seeks an order prohibiting Defendant Kevin Ward and those who act in concert with him from engaging in discriminatory or retaliatory practices. *Id.* Simmons asks for the Court to reinstate her through transfer and promotion to a position that makes her whole and provides opportunity for her advancement in a non-hostile environment. *Id.*

Defendants now move to dismiss Plaintiff's claims under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that (1) neither § 1981 nor the Fourteenth Amendment creates a cause of action independent of § 1983; (2) the multiple § 1983 claims against both TWDB and Ward (in his official capacity as to money damages) are jurisdictionally barred by Eleventh Amendment immunity; and (3) neither TWDB nor Ward (in his official capacity as to money damages) are "person[s]" under § 1983. In response, Plaintiff asserts (1) that § 1981 applies to both private employers and state and local government; and (2) states she wishes to keep her claim under the Fourteenth Amendment as a fall-back. In their reply, TWDB points out that Simmons does not

3

cite any authority to support her argument that § 1981 creates a cause of action that is independent of § 1983. Additionally, they argue that Simmons is wrong in thinking that she can state a claim for monetary relief under the Fourteenth Amendment.

## II. ANALYSIS

**A.     Subject Matter Jurisdiction**

**1.     Standard**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge the subject matter jurisdiction of the district court. *See* FED. R. CIV. P.12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002). A motion alleging lack of subject matter jurisdiction may be based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming*, 281 F.3d at 161. The burden of proof for a motion to dismiss for lack of jurisdiction is on the parties asserting jurisdiction, which in this case are Plaintiffs. *See Id*.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). In determining a Rule 12(b)(1) motion, the district court is empowered to consider and resolve matters of fact which may be in dispute. *See Ramming*, 281 F.3d at 161; *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). When a Rule 12(b)(1) motion is filed with a Rule 12(b)(6) motion, the court should consider the

jurisdictional attack before addressing the attack on the merits. *Ramming*, 281 F.3d at 161; *O'Rourke v. United States*, 298 F.Supp.2d 531, 533 (E.D. Tex. 2004).

### 2.  Eleventh Amendment Immunity

TWDB argues that since §§ 1981 and 1983 do not abrogate their Eleventh Amendment immunity, they cannot be sued by Simmons under these statutes. Unless a state has waived its immunity under the Eleventh Amendment or Congress has removed the state's Eleventh Amendment immunity, the Eleventh Amendment bars a private individual from maintaining a suit in federal court against an unconsenting state. *State of Texas by and through Bd. of Regents of Univ. of Texas Sys. v. Walker*, 142 F.3d 813, 820 (5th Cir. 1998). Neither § 1981 nor § 1983 abrogates the Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981).

#### a.  Section 1983 Claims Against Defendant Texas Water Development Board

Unless the state agency has waived its immunity, the Eleventh Amendment bars suits against the state for injunctive or monetary relief. *Cozzo v. Tangipahoa Parish Council – President*, 279 F.3d 273, 280-281 (5th Cir. 2002). Simmons is not disputing that the Texas Water Development Board is an agency of the state, thus, the § 1983 claims against it should be dismissed.

#### b.  Section 1983 Claims Against Defendant Ward Seeking Monetary Relief

TWDB asserts that Simmons cannot obtain monetary relief from Defendant Ward, in his official capacity, under § 1983. Simmons seems to concede this in her response. Lawsuits filed against state officials in their official capacities should be handled as if they were suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, the immunities that would be available to the

governmental entity are also available for the state official who has been sued in his official capacity. *Id.* However, under *Ex Parte Young*, the Eleventh Amendment allows lawsuits against state officials for prospective injunctive relief. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).

Thus, although a person could be awarded injunctive relief against a state official, the person cannot receive monetary relief. Accordingly, Simmons' claim for monetary relief against Defendant Ward under § 1983 should be dismissed.

**B.     Failure to State a Claim**

Under Rule 12(b)(6), the well-settled principle is that a cause of action should not be dismissed for failure to state a claim unless the plaintiff fails to allege any set of facts in support of his cause of action which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983). However, a plaintiff must plead specific facts, not mere conclusory allegations.

**1.     Section 1981**

TWDB argues that § 1981 does not create a cause of action independent from § 1983. The Supreme Court held that the cause of action for damages under § 1983 is the exclusive federal remedy for a state governmental unit's violation of one's rights guaranteed under § 1981. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989). When Congress passed the Civil Rights Act of 1991, they added subsection (c) to § 1981, which states that the rights protected under § 1981 "are protected against impairment by nongovernmental discrimination and impairment under color of state law." 42 U.S.C. § 1981(c). The Fifth Circuit held that subsection (c) deals with substantive rights,

not remedial rights, so even after the 1991 amendment, § 1983 is still the exclusive remedy for a § 1981 claim against persons acting under color of state law.  *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 463 (5th Cir.), *cert denied* 534 U.S. 948 (2001).  Thus, Simmons does not have a separate cause of action against TWDB under § 1981 and this claim should be dismissed.

**2.      Fourteenth Amendment**

TWDB also asserts that Simmons does not have a claim under the Fourteenth Amendment because § 1983 is the exclusive federal remedy against persons acting under the color of state law. Simmons argues that her claim under the Fourteenth Amendment should not be dismissed because it serves as a fall-back provision for her claim under § 1983.

Since the proper vehicle for the allegations Simmons is trying to make under the Fourteenth Amendment is § 1983, she does not have a remedy under the Fourteenth Amendment.  *See Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994); *Hearth, Inc. v. Dep't. of Public Welfare*, 617 F.2d 381, 382 (5th Cir. 1980).  Simmons cites to *Hearth, Inc.* and claims it provides precedent for her to be able to maintain her claim under the Fourteenth Amendment as a fall-back.  However, *Hearth, Inc.* does not stand for that precedent; in *Hearth, Inc.*, the Fifth Circuit noted that the few times that courts have found causes of action arising directing from the Constitution have been where there was no alternative remedy to address the obvious violations of the plaintiffs' rights.  *See* 617 F.2d at 382. Thus, Simmons' claim under the Fourteenth Amendment should be dismissed.

**3.      Section 1983**

A private individual cannot state a claim against the state under § 1983 because the Supreme Court has held that the state is not a 'person' within the meaning of § 1983.  *Will v. Michigan Dep't.*

*of State Police*, 491 U.S. 58, 64 (1989). Similarly, a state official sued in his official capacity is not a 'person' within the ambit of § 1983 for a suit seeking monetary relief.

**C.     Conclusion**

It is quite apparent that this suit is one that should be pursued under Title VII, as it was originally filed. Plaintiff's attempts to plead this Title VII case as one also stating claims under §§ 1981 and 1983, as well as the Fourteenth Amendment, are without merit. The only possible claim Plaintiff may have beyond her Title VII claim is a claim under § 1983 as to Defendant Ward, and that claim is limited to one for prospective injunctive relief against Ward in his official capacity. All other claims under §§ 1981, 1983 and the Fourteenth Amendment should be dismissed.

## III. RECOMMENDATION

The Court **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss (Clerk's Doc. No. 22) and dismiss Plaintiff's § 1983 claims against Defendant Texas Water Development Board and Defendant Ward, except as to any claim for prospective injunctive relief against Ward in his official capacity. Additionally, the Court recommends that the District Court dismiss Plaintiff's claims under § 1981 and the Fourteenth Amendment in their entirety.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall

8

bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 1st day of June, 2006.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE