**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **LAVERNE SIMMONS,** | § | |
| | § | |
| **v.** | § | **A-05-CA-432 LY** |
| | § | |
| **TEXAS WATER DEVELOPMENT** | § | |
| **BOARD, et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Motion for Summary Judgment filed May 11, 2006

(Clerk's Doc. No. 35); Plaintiff's Response to Defendants' Motion for Summary Judgment filed June

15, 2006 (Clerk's Doc. No. 47); and Defendants' Reply in Further Support of Motion for Summary

Judgment filed June 29, 2006 (Clerk's Doc. No. 49).  The District Court referred the motions to the

undersigned Magistrate Judge for report and recommendation as to the merits pursuant to 28 U.S.C.

§ 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of

the United States District Court for the Western District of Texas, Local Rules for the Assignment

of Duties to United States Magistrate Judges.  After reviewing the parties' pleadings, relevant case

law, as well as the entire case file, the undersigned issues the following Report and Recommendation

to the District Court.

**I.  BACKGROUND**

As this case is before the Court on a motion for summary judgment, the facts are set forth in

the light most favorable to the non-movant, Plaintiff Laverne Simmons ("Simmons").  Simmons

works for Defendant Texas Water Development Board ("TWDB").[1]  *See* Plaintiff's Second

Amended Complaint, ¶¶11-12.  Simmons alleges she was subjected to sexual harassment by Bruce

Hobbs, a co-worker, in 1997.  *Id.* at ¶13.  Because of this harassment, Simmons filed a charge of

discrimination with the Texas Commission on Humans Rights alleging race discrimination and

sexual harassment.  Simmons and TWDB settled the charge in November of 1997.  *Id.* at ¶¶13-14.

Simmons states that subsequent to the settlement, she was subjected to retaliation and further

harassment by Bruce Hobbs and others that caused her emotional distress and mental anguish.  *Id.*

at ¶15.  As a result of the continued harassment, Simmons filed another charge on October 15, 2001,

alleging discrimination based on race and sex and retaliation.  *Id.* at ¶21.  Simmons and TWDB

reached a settlement of this charge on April 19, 2002.  *Id.* at ¶22.  Simmons claims that the

discrimination and retaliation continued after the settlement, and she reported this additional

discrimination on February 2, 2004.  *Id.* at ¶23.

Simmons alleges that TWDB refused to provide her with a performance plan and job

appraisal after 2000 (which made her ineligible for merit raises), failed to reclassify her based on her

actual responsibilities and qualifications, and refused to provide her with merit raises consistent with

her responsibilities and qualifications.  *Id.* at 24-26.  Additionally, Simmons alleges that TWDB did

not abide by their settlement agreements with her.  *Id.* at 31-32.

On June 13, 2005, Plaintiff filed this lawsuit alleging discrimination based on race and sex

in violation of Title VII, retaliation in violation of Title VII, and state law discrimination claims.  *See*

Plaintiff's Original Complaint.  On September 26, 2005, the District Court granted Simmons'

---

[1]Kevin Ward was also sued as an agent and representative of the Texas Water Development
Board.  When referring to "TWDB" in this Report and Recommendation, the Court is referring to
both defendants.  Where the Court is individually referring to a defendant, it will be clearly indicated.

Motion to Amend Complaint, by which Simmons withdrew her causes of action under the Texas Commission on Human Rights Act, in response to TWDB's motion to dismiss the pendent state claims. *See* Order dated September 26, 2005. Simmons filed her Second Amended Complaint on December 22, 2005, alleging discrimination based on race, sex, and race plus sex, along with retaliation in violation of Title VII, 42 U.S.C. § 1981, as enforced through 42 U.S.C. § 1983, the Fourteenth Amendment, and 42 U.S.C. § 1981(a). *See* Plaintiff's Second Amended Complaint, at ¶¶38-41. Simmons also seeks declaratory judgment that TWDB's acts violated Title VII, 42 U.S.C. § 1981, and as enforced through § 1983, 42 U.S.C. § 1983, the Fourteenth Amendment, and 42 U.S.C. § 1981(a). *Id.* at ¶42. Additionally Simmons would like an order prohibiting Defendant Kevin Ward and those who act in concert with him from engaging in discriminatory or retaliatory practices. *Id.* Simmons asks for the Court to reinstate her through transfer and promotion to a position that makes her whole and provides opportunity for her advancement in a non-hostile environment. *Id.*

On June 1, 2006, this Court recommended dismissal of Plaintiff's § 1983 claims against Defendant Texas Water Development Board and Defendant Ward, except as to any claim for prospective injunctive relief against Ward in his official capacity. Additionally, this Court recommended that the District Court dismiss Plaintiff's claims under § 1981 and the Fourteenth Amendment in their entirety. On June 20, 2006, the District Court accepted this Court's recommendation and dismissed the relevant claims. Thus, the remaining claims are discrimination based on race, sex, and race plus sex, along with retaliation in violation of Title VII, and a § 1983 claim for injunctive relief against Kevin Ward in his official capacity.

In the instant motion, TWDB argues that summary judgment should be granted because Simmons failed to exhaust her administrative remedies with respect to her Title VII claims. TWDB also asserts Simmons failed to establish a *prima facie* case of race or sex discrimination or retaliation. Additionally, TWDB states that Simmons § 1983 claim for injunctive relief against Ward and the breach of contract claim are precluded by Eleventh Amendment immunity.[2] In response, Simmons argues that the discrimination was a continuing violation, and, since some of the claims were timely filed with the EEOC, they are all timely.

## II. ANALYSIS

### A.     Standard of Review

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When the party seeking summary judgment is seeking summary judgment on a claim for which the non-moving party would bear the burden of proving at trial, the party seeking summary judgment bears the burden of showing that there is an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997). The party can do this by: (1) submitting summary judgment evidence that negates the

_____

[2]As mentioned *supra*, the District Court dismissed, upon this Court's recommendation, the § 1983 claims against TWDB and Ward, except as to any claim for prospective injunctive relief against Ward in his official capacity, and Simmons' claims under § 1981 and the Fourteenth Amendment in their entirety. Where the motion for summary judgment, which was filed before the District Court ruled on the motion to dismiss, addresses claims that have already been dismissed, this Court does not address these claims.

existence of a material element of the opposing party's claim, or (2) by showing there is no evidence to support an essential element of the opposing party's claim. *Celtotex*, 477 U.S. 322-25. After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

The Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman*, 113 F.3d at 533. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue of material fact is presented, and summary judgment is inappropriate. Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a proper motion for summary judgment. *Duffy v. Leading Edge Products, Inc,.*44 F.3d 308, 312 (5th Cir. 1995). Rather, the non-moving party must set forth specific facts showing the existence of a "genuine" issue concerning every essential component of its case. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997). The standard of review "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## B.     Objections

Simmons asks the Court to sustain all her objections during her deposition, however, she did not provide a copy of the deposition for the Court. TWDB provided a condensed complete version. Since this case is only at the summary judgment stage, and because none of the rulings are relevant

to any summary judgment issue, there is no reason for the Court to rule on these objections in conjunction with the summary judgment motion.

Simmons also objects to the fact that Defendants' Motion for Summary Judgment exceeds the 20 page limit provided in the District Court's Scheduling Order. *See* Clerk's Doc. No. 16. Simmons did not file a motion to strike TWDB's motion, so the Court does not comprehend what remedy Simmons is seeking. Additionally, the Court notes that Simmons' response, like Defendants' motion, is 21 pages long, with signatures and certificates of service occupying the 21st page. Thus, Simmons has no basis for her objection to the length of Defendants' motion.

Simmons states that she objects to and challenges Robert Ruiz' testimony and asserts that his testimony should at least be viewed as the testimony of an interested witness and weighed accordingly. The Court will consider the summary judgment evidence and weigh it accordingly. There has been no demonstrated need to exclude his testimony.

Simmons also objects to the use of the transcript of her deposition without her errata sheets. Defendants' Motion for Summary Judgment was filed before her errata sheets were made, and they noted that her transcript was uncorrected at the time of filing. The Court will consider all of the summary judgment evidence, so Plaintiff's errata sheets will be included in the Court's evaluation of her deposition testimony.

C.      **Title VII**

As noted, Defendants seek summary judgment of Plaintiff's claims on the ground that she has failed to exhaust her administrative remedies. Exhaustion of the administrative process is a prerequisite to pursuing an employment discrimination claim in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). A plaintiff is considered to have exhausted her

administrative remedies if she files a timely charge with the EEOC and receives a statutory notice

of right to sue. *Id.* at 379. The charge of discrimination defines the scope of the claims the plaintiff

may pursue in court, and a plaintiff is barred from pursuing any discrimination claim which was

not raised in the EEOC charge. *Randel v. U.S. Dep' t of Navy*, 157 F.3d 392, 395 (5th Cir.

1998). *See also, Briggs v. Dart Reg'l Rail Right of Way Co.,* 2005 WL 3133505 at *3 (N.D.

Tex. Nov. 23, 2005). While a Title VII cause of action is limited by the scope of the EEOC charge,

the suit may properly encompass any discrimination sufficiently related to the charge's allegations

that the EEOC could reasonably be expected to investigate that discrimination based on the initial

charge. *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995).

To exhaust administrative remedies, a plaintiff must not only file a proper charge of

discrimination raising her complaint, but she must also file that charge within a prescribed time

period after the discrimination is alleged to have occurred. In Texas, which provides a state or local

administrative mechanism to address complaints of employment discrimination, a party must file her

charge with the EEOC within 300 days of the allegedly unlawful employment practice. *Huckabay*

*v. Moore,* 142 F.3d 233, 238 (5th Cir. 1998); 42 U.S.C. § 2000e-5(e)(1). The timely filing of an

EEOC charge is not a jurisdictional prerequisite to bringing a Title VII suit; rather, it is a statute of

limitations, and is therefore subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World*

*Airlines*, 455 U.S. 385, 393, (1982).[3]

---

[3]The Fifth Circuit has recognized that the following circumstances may give rise to the equitable tolling of a limitations period under Title VII: (1) a suit is pending in state court; (2) the claimant is unaware of facts giving rise to a Title VII claim; or (3) the EEOC misleads the claimant about the nature of her Title VII rights. *Espinoza v. Missouri Pacific R.R. Co.,* 754 F.2d 1247 (5th Cir. 1985). The Supreme Court has also listed similar circumstances in which equitable tolling might be justified: (1) where notice from the EEOC does not adequately inform the plaintiff of the requirement that suit be commenced within the statutory period; (2) where a motion for appointment

In this case, Plaintiff's charge of discrimination is dated April 29, 2004 (although it is noted

that the original was received on February 2, 2004).  The charge states:

I.      Since the filing of my CRD (formerly TCHR) complaint, I have been
        subjected to harassment from Ms. Sandra L. Torralba in the form of being the
        only one asked to turn in leave documentation.  On/around August 2002, Ms.
        Torralba became very hostile with me for being the only one receiving $3000,
        due to a settlement.  To my knowledge, the settlement is a confidential
        matter.  To date, I have not received a merit increase due to a Far Exceeds
        Job Requirements which was promised in/around October 2002.  To date, I
        have not received my annual evaluation which was scheduled on/around
        January 30, 2004.

II.     No reason given.

III.    I believe that I am being discriminated against based on my sex (Female), my
        race (Black), and in an act of retaliation for my having filed a complaint with
        the Civil Rights Division (formerly known as the Texas Commission on
        Human Rights), specifically TCHR complaint No.: 1A2008-S, in violation
        of the Texas Commission on Human Rights Act, as amended, and Title VII
        of the Civil Rights Act of 1964, as amended.

*See* Defendant's Motion for Summary Judgment, Exhibit J.[4]

While this charge of discrimination is very targeted, Plaintiff's Second Amended Complaint

is anything but.  The section entitled "Facts Relevant to All Causes of Action" is six pages long, and

---

of counsel is pending; (3) where the court itself has led plaintiff to believe that she has satisfied all
statutory prerequisites to suit; or (4) where the defendant has, through affirmative misconduct, lulled
the plaintiff into inaction.  *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150, 104 S. Ct.
1723, 1725-26 (1984); *see also Pruet Production Co. v. Ayles*, 784 F.2d 1275, 1280 (5th Cir. 1986)
("An employer's misrepresentations or wrongful concealment of facts necessary to support a
discrimination charge have given rise to equitable estoppel where they prevented an employee from
asserting his rights timely.").  Plaintiff makes no equitable tolling argument here, nor do the facts
make one apparent.

[4]Although the related questions are normally included in the grievance, they were not in this
case.  The prompts which correspond to each Roman numeral (as listed in Plaintiff's 2001 grievance)
are as follows: I.  Personal Harm; II .  Respondent's Reasons for Adverse Actions; and III.
Discrimination Statement.  *See* Defendant's Motion for Summary Judgment, Exhibit F.

begins with events which are alleged to have taken place in 1997.  It repeats the allegations that were

raised by Plaintiff's two previous charges of discrimination (filed in 1997 and 2001).  It then

complains of numerous acts not mentioned in the present charge, along with the specific allegations

made in 2004 charge.[5]  Following the factual section, there are four sections titled "causes of action."

Cause of Action Number One is identified as "discrimination based upon race;" Number Two is

"discrimination based upon sex;" Three is "discrimination based upon race plus (sex);" and Four is

"retaliation."  Although it is contained in the "Facts" section of the pleading, the Second Amended

Complaint also includes an allegation that Plaintiff was subjected to a hostile work environment.

*Id.* at ¶ 36.

The Court agrees with Defendants that Plaintiff has failed to exhaust administrative remedies

for much of what is in the Second Amended Complaint, either because the allegations are not

contained within the scope of the 2004 charge of discrimination, or because the allegations occurred

more than 300 days before the charge was filed.  As the Court has mentioned, the 2004 grievance

is very targeted, and encompasses four specific events:

1.  Retaliation by Sandra L. Torralba for Plaintiff's filing  a TCHR complaint, in the form of requiring Plaintiff to turn in leave documentation.

2.  Retaliation ("hostility") by Torralba in August 2002 related to Plaintiff's receipt of a $3000 bonus received as part of the settlement of a prior charge.

3.  Failure to pay Plaintiff an earned merit increase promised in October 2002.

4.  Failure to provide Plaintiff her annual evaluation scheduled in January 2004.

Defendant's Motion for Summary Judgment, Exhibit J.

---

[5]The portions of the Second Amended Complaint that appear to plead facts within the scope of the four allegations of the charge of discrimination are ¶¶ 24, 26, 28 & 29.

As previously noted, two of these allegations are plainly outside the 300 day limitation period. The charge was first filed in February 2004, and the events alleged in items 2 and 3 are both stated to have occurred in 2002. Simmons' only argument regarding the timeliness of these charges is that they are part of a "continuing violation." Although Plaintiff's brief is not a picture of clarity on this point (to say the least), it appears that the continuing violation Plaintiff refers to is the alleged hostile work environment pled in ¶ 36 of the Second Amended Complaint. To prevail upon the continuing violation theory, however, a plaintiff must present "more than just a series of discriminatory acts. [Sh]e must show an organized scheme leading to and including a present violation." *Huckabay,* 142 F.3d at 239 (citing *Berry v. Bd. of Supervisors*, 715 F.2d 971 (5th Cir. 1983), *cert. denied*, 479 U.S. 868, 107 S. Ct. 232 (1986). As the Fifth Circuit has stated, the continuing violation theory can be used to avoid a limitations bar only if there is a persisting system of discrimination that does not manifest itself as individually discriminatory except in cumulation over a period of time. *Messer v. Meno*, 130 F.3d 130, 135 (5th Cir. 1997).

The problem with Plaintiff's continuing violation theory, and hostile work environment claim, is that her EEOC grievance does not make a hostile work environment claim. Even construing the charge broadly, it complains of relatively minor, distinct events spread over a two year period: being required to turn in leave documentation, un-described "hostility" by Toralba due to Plaintiff's 2002 settlement, failure to pay a merit increase in 2002, and failure to receive an annual review in 2004. This is far from alleging a "persisting system of discrimination," but rather is simply a set of "individually discriminatory" allegations. *Messer*, 130 F.3d at 135. Further, the EEOC could not reasonably be expected to investigate a hostile work environment claim based on this charge, and there is no evidence in the record that the EEOC *did* investigate such a claim. Thus, the

only claims before the Court for which administrative remedies have been exhausted are those four

stated in the charge, *Dollis*, 77 F.3d at 781, and two of those are time-barred.[6]

Accordingly, the only claims that remain are contained in items 1 and 4 in the Court's earlier

list: (1) retaliation by Torralba in the form of requiring Plaintiff to turn in leave documentation; and

(2) not giving Plaintiff her annual evaluation which was scheduled for January 30, 2004.  Although

Defendants go into intricate detail on a number of other alleged acts of discrimination (apparently

contained in discovery responses or raised in depositions), they do not address the merits of these

two claims in their motion for summary judgment.[7]  Thus, Plaintiff's case as to these two claims

survives the motion for summary judgment.

**D.      Section 1983 Claim for Injunctive Relief**

TWDB asserts that Simmons cannot maintain an action for injunctive relief against Ward

because Title VII provides its own enforcement mechanisms.  Simmons fails to address this

argument in her response.

The Supreme Court has limited the application of *Ex Parte Young* "where Congress has

prescribed a detailed remedial scheme for the enforcement against a State of a statutorily created

right." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 74 (1996).  Although the Fifth Circuit has

---

[6]Further, Plaintiff is far from an unsophisticated EEOC complainant, having filed and settled two previous charges of discrimination.  Had Plaintiff wished to allege a more global hostile environment claim, spanning a seven or eight year period (as alleged in the Second Amended Complaint), she plainly knew how to do that.

[7]Inexplicably, in its motion for summary judgment TWDB focuses its arguments regarding whether or not Simmons established a *prima facie* case of race, sex, and retaliatory discrimination on seven adverse employment actions, none of which include the two items mentioned in the text. The Court will not address these arguments because the Court has already determined that the hostile work environment claim (to which these seven allegations presumably pertain) must be dismissed for failure to exhaust administrative remedies.

not applied the holding in *Seminole Tribe* to a claim for injunctive relief brought against a state

officer in his official capacity pursuant to § 1983 and Title VII, the Eighth Circuit has addressed the

issue. *See Randolph v. Rodgers*, 253 F.3d 342, 345-47 (8th Cir. 2001). The Eighth Circuit notes that

Title VII has a comprehensive remedial scheme which requires exhaustion of administrative

remedies before proceeding to federal court. *Id.* at 346-47. Since Title VII has a detailed remedial

scheme, Simmons should not be able to use *Ex Parte Young* to obtain injunctive relief against Ward

in his official capacity pursuant to § 1983.[8] Thus, Plaintiff's request for injunctive relief pursuant

to § 1983 should be dismissed.

**E.      Breach of contract claim**

Defendants also move for summary judgment on what they describe as Plaintiff's claim for

"breach of the 1997 Settlement and 2002 Settlement," arguing that this claim is barred by Eleventh

Amendment immunity. Defendant's Motion for Summary Judgment at 20 (Clerk's Doc. No. 35).

Plaintiff does not respond to this argument. It is not clear to the Court that the Plaintiff has pled a

breach of contract claim. Nowhere in the section of her Second Amended Complaint entitled

"Causes of Action" is there a breach of contract claim alleged. And while the "Facts" section does

include several paragraphs of allegations relating to the alleged breaches of the two Settlement

Agreements, it appears that these facts are included as additional evidence to support her hostile

work environment claim. Finally, Plaintiff does not respond to the summary judgment arguments

seeking to dismiss this claim. Regardless, to the extent Plaintiff purports to bring a separate breach

of contract claim, the Court agrees with Defendants that such a claim is barred by the Eleventh

---

[8]The Court also notes, as TWDB pointed out, that the applicable limitations period for a claim under § 1983 is two years, so those claims that accrued before June of 2003 are time-barred. *See Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988).

Amendment. *Kokkenen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Pennhurst State School and Hosp. v. Halderman*, 465 U.S 89, 103-06 (1984).

## III.  RECOMMENDATION

The Court **RECOMMENDS** that the District Court **GRANT IN PART** Defendants' Motion for Summary Judgment (Clerk's Doc. No. 35) and dismiss all of Plaintiff's claims except her claim under Title VII of retaliation, race, and sex discrimination based on: (1) being forced to turn in leave documentation; and (2) not receiving her annual evaluation in January 2004.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation to the parties by certified

mail, return receipt requested.

SIGNED this 24th day of July, 2006.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE